USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/5/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOXMIND CANADA ENTERPRISES LTD.,

*Plaintiff*

v.

AFNAOF623, ANCSQOP, AUDIEANCIO, BAITING, CCAS-829, EAUTO2015, GLOAMYT, GO GO GROCERY, HZDZXNY, LXZENS, MCJIRY, NAVYBLUECLOTHING, NAYUTRA, NETSASREP, OLDRUSHE, PEACHLIFE, QIANG0013, QIOSLY, QUENTJ, REDWERE, SANDERSON888, SCATCHIO, SEFFERIONE, SEXYKINDE, SHRAOOY, SJILLYG, SNAKARTRIO, SZ_SHOP9, SZZUOYIF, UDJUUET, UINTKERD, UINTOORE and UINTSAVE,

*Defendants*

24 Civ. 1350 (AT)

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

# **GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff** | FoxMind Canada Enterprises Ltd. | N/A |
| **Defendants** | afnaof623, ANCSQOP, audieancio, baiting, ccas-829, eauto2015, gloamyt, Go Go Grocery, hzdzxny, lxzens, mcjiry, navyblueclothing, nayutra, NETSASREP, oldrushe, peachlife, Qiang0013, qiosly, quentj, redwere, Sanderson888, scatchio, sefferione, sexykinde, shraooy, sjillyg, snakartrio, superone_3, sz_shop9, szzuoyif, udjuuet, uintkerd, uintoore and uintsave | N/A |
| **Defaulting Defendants** | afnaof623, ANCSQOP, audieancio, baiting, ccas-829, eauto2015, gloamyt, Go Go Grocery, hzdzxny, lxzens, mcjiry, navyblueclothing, nayutra, NETSASREP, oldrushe, peachlife, Qiang0013, qiosly, quentj, redwere, Sanderson888, scatchio, sefferione, sexykinde, shraooy, sjillyg, snakartrio, sz_shop9, szzuoyif, udjuuet, uintkerd, uintoore and uintsave | N/A |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Sealing Order** | Order to Seal File entered on February 21, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on February 22, 2024 | 6 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 22, 2024 | 10-13 |
| **Capon Dec.** | Declaration of David Capon in Support of Plaintiff's Application | 11 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 12 |

i

| | | |
|---|---|---|
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery | 14 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Pop It Products** | A soothing tactile toy and smart bubble popping game designed to stimulate children's senses and develop logic and reasoning skills | N/A |
| **Pop It Mark** | U.S. Trademark Registration No. 6,183,005 for "POP IT!" for goods in Class 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Pop It Mark, and/or products in packaging and/or containing labels bearing the Pop It Mark, and/or bearing or used in connection with marks that are confusingly similar to the Pop It Mark and/or products that are identical or confusingly similar to the Pop It Mark | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |

| | | |
|---|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Accounts** | Defendants' Financial Accounts that were and/or are attached and frozen or restrained by the Financial Institutions pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on October 2, 2024 | 30-34 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | 31 |
| **Capon Aff.** | Affidavit by David Capon in Support of Plaintiff's Motion for Default Judgment | 32 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Pop It Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavits of Gabriela N. Nastasi and David Capon in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third and Fourth Causes of Action are dismissed without prejudice;

## II. **Damages Awards**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand Dollars

($50,000.000) in statutory damages against each of the thirty-three (33) Defaulting Defendants pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, for a total of $1,650,000, plus post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a).

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Pop It Mark;

   B. directly or indirectly infringing in any manner Plaintiff's Pop It Mark;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Pop It Mark to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Pop It Mark and/or any other marks that are confusingly similar to the Pop It Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed,

2

   displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities and Plaintiff;

 F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

 G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Pop It Mark or bear any marks that are confusingly similar to the Pop It Mark pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of

this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions:

  A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions:

  A. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

  B. instructing, aiding, or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H) above, including, without limitation, by providing services necessary for Defaulting Defendants to continue operating Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order.

### IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V. **Miscellaneous Relief**

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

SO ORDERED.

Dated: December 5, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge